# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALLEN DANIEL,

        Plaintiff,

v.                                       Case No. 2:08-CV-13817

BLAINE LAFLER, ET AL.,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL AND
## DIRECTING PLAINTIFF TO PROVIDE ADDITIONAL COPIES

Plaintiff Allen Daniel has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, a state inmate currently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses forty Defendants, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted with respect to these Defendants.

## I. BACKGROUND

In his complaint, Plaintiff alleges that he has been the victim of retaliation by

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

various state officials and Michigan Department of Corrections' employees. Plaintiff claims that the retaliatory acts are motivated by several lawsuits he has filed against Governor Jennifer Granholm, Attorney General Mike Cox, Macomb and Wayne County Prosecutors, and court officers. Plaintiff claims that he was verbally threatened, deprived of food for forty-four days, served food contaminated by chemicals, doused in chemicals thrown on him by other inmates at the urging of corrections officers, deprived of his legal documents, and issued false misconduct tickets.

## II. DISCUSSION

### A.

In the case caption, Plaintiff names as defendants[2] Mohumad, Lou LNU, Kulvika, Dove, Caberlleeo, Shendorph, Patton, Hollerbeck, Empson, Rookowkur, J. Davis, Bayshore, Radtz, Hollands, Mike Cox, Leo Friedman, Patricia Caruso, Jennifer Granholm, Morris, White, Lynch, Brown, John Doe, Office of Administrative Hearing, Gary Heisler, Kenneth McEacher, Laura Hiertz, James Armstrong, Richard Stapleton, Civil Service Commission, and James O. Farrell. However, in the body of his complaint, Plaintiff fails to assert any specific claims against these defendants. Federal courts hold *pro se* complaints to a "less stringent standard" than complaints drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). Nonetheless, such complaints "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." *Mullins v. Smith*, 14 F. Supp. 2d 1009, 1011 (E.D. Mich. 1998). Even holding Plaintiff's complaint to the less stringent standard applicable to *pro se*

---

[2] Where available, the court lists the defendants' first and last names. However, for the majority of the named defendants, Plaintiff provides only a last name.

complaints, this Court must dismiss Plaintiff's claims against these Defendants because Plaintiff fails to plead *any* facts to show a legal wrong has been committed.

**B.**

Plaintiff asserts a single claim against defendants Cole, Terri and Dell. He claims that these Defendants said, "Daniel's going to have a hard time around here." Plaintiff argues that this statement was intended as a threat to him.

"[I]t is well-established that verbal harassment or abuse – standing alone – is not sufficient to state a constitutional deprivation under section 1983." *Gilson v. Cox*, 711 F. Supp. 354, 355 (E.D. Mich. 1989). *See also Moore v. County of Muskegon*, No. 99-1379, 1999 WL 1253096, *1 (6th Cir. Dec. 17, 1999) ("[V]erbal threats do not constitute a § 1983 claim."); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("[v]erbal threats and name-calling usually are not actionable under § 1983"); *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993) ("[m]ere allegations of verbal abuse do not present actionable claims under § 1983"). Because verbal threats alone do not constitute a constitutional violation under § 1983, Plaintiff fails to state a claim upon which relief may be granted as to defendants Cole, Terri and Dell.

**C.**

Finally, Defendants Bentley, McCormic, Webster, Lafler, Rivard, and Washington's alleged liability is based upon their supervisory authority. Plaintiff alleges no specific involvement of these Defendants in the alleged unconstitutional conduct.

The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged

the specific incident of misconduct or in some other way directly participated in it," *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Liability of supervisory personnel must be based on more than merely the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989) (internal quotation omitted).

> [A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ."

*Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982)). "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). "Instead, the liability must be based upon active unconstitutional behavior." *Id.*

In this case, Plaintiff fails to allege any specific conduct by these Defendants that would support a finding that they directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Accordingly, the court will dismiss the claims against Defendants Bentley, McCormic, Webster, Lafler, Rivard, and Washington.

### III.  CONCLUSION

Plaintiff has failed to state a claim upon which relief may be granted against the following Defendants: Bentley, Mohumad, Lou LNU, Kulvika, McCormic, Webster, Dove, Caberlleeo, Shendorph, Patton, Hollerbeck, Empson, Rookowkur, J. Davis, Bayshore,

4

Radtz, Hollands, Mike Cox, Leo Friedman, Patricia Caruso, Jennifer Granholm, Morris, White, Lynch, Brown, John Doe, Office of Administrative Hearing, Gary Heisler, Kenneth McEacher, Laura Hiertz, James Armstrong, Richard Stapleton, Civil Service Commission, James O. Farrell, Terri, Dell, Cole, Lafler, Rivard, and Washington. IT IS ORDERED THAT Plaintiff's claims against these Defendants are DISMISSED.

The court determines that service of the complaint is appropriate on the remaining defendants. However, the court may not, at this time, direct service of the complaint upon the remaining defendants because Plaintiff has failed to file with the court a sufficient number of copies for service. *See* Fed R. Civ. P. 4(c)(1) ("The plaintiff . . . shall furnish the person effecting service with the necessary copies of the . . . complaint").

Therefore, the court FURTHER ORDERS Plaintiff to file **thirteen** copies of his complaint and attachments with the court on or before **October 23, 2008**. Failure to file the required copies may result in the dismissal of the complaint.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: September 25, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 25, 2008, by electronic and/or ordinary mail.

    s/Lisa G. Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522