TUNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DANIEL,

          Plaintiff,

v.                                   Case No. 2:08-CV-13817

BLAINE LAFLER, ET AL.,

          Defendants.
                                /

**OPINION AND ORDER (1) DENYING PLAINTIFF'S *PRO SE* MOTION TO AMEND; (2) STRIKING PLAINTIFF'S CORRESPONDENCE; (3) DIRECTING THE CLERK OF COURT TO SEND PLAINTIFF A COPY OF THE ORIGINAL COMPLAINT; AND (4) DIRECTING PLAINTIFF TO PROVIDE SERVICE COPIES**

Plaintiff Allen Daniel filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On September 25, 2008, the court issued an "Opinion and Order of Partial Dismissal and Directing Plaintiff to Provide Additional Copies." In this Order, the court dismissed forty defendants pursuant to 28 U.S.C. § 1915(e)(2), because Plaintiff failed to state a claim upon which relief could be granted with respect to those defendants and directing Plaintiff to provide thirteen copies of the complaint so that service could be effected on the remaining defendants. Now before the court is Plaintiff's "*Pro Se* Motion to Amend 42 U.S.C. § 1983 Complaint; 42 U.S.C. §§ 2000 cc-1 *et seq.*, 2000 dd-1(A-C), *et seq.*" Plaintiff has also filed correspondence, attaching what appears to be his attempt to comply with the requirement that he submit service copies of the complaint.

       Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once as a matter of course before being served with a responsive pleading or after serving the pleading if a responsive pleading is not allowed. However, the Sixth Circuit Court of

Appeals has held that Rule 15(a)'s liberal amended pleading standard does not apply to complaints summarily dismissed under 28 U.S.C. § 1915(e)(2).  *See Moniz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004).  "[A] district court may not permit a plaintiff to amend his complaint to defeat dismissal under 28 U.S.C. § 1915(e)(2)."  *Id.*  Section 1915 "also proscribes a district court from permitting a plaintiff to amend his complaint *after* that court has dismissed the complaint under § 1915(e)(2)."  *Id.*  The ban on amending a complaint after dismissal under § 1915(e)(2) applies without regard to whether the amendment would cure the deficiencies in the original complaint.  *Id.* at n.5.  Plaintiff's amended complaint seeks to cure the deficiencies with respect to many of the defendants summarily dismissed under § 1915(e)(2).  Such an amendment is not permitted.[1]  Therefore, the court will deny Plaintiff's motion to amend.

Plaintiff has also submitted to the court, in three separate mailings, what appear to be Plaintiff's attempts to comply with the court's Order requiring him to provide service copies of the complaint.  Plaintiff's cover affidavit and one copy of the complaint have been filed as Docket Entry Number Fourteen.  These purported service copies, however, are not duplicates of the original complaint.  The original complaint is eight pages long.  The service copies provided are over forty pages long.  In addition, many

---

[1] To the extent that Plaintiff also seeks to amend his complaint to add new defendants and new claims, the court also denies his motion.  Plaintiff's motion is confusing, and the court cannot clearly discern the specific defendants or additional claims Plaintiff wishes to add by amendment.  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a *short and plain* statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis supplied).  Plaintiff's proposed amendments are confused and rambling, and fail to set forth a short and plain statement of his claims.  Thus, the proposed amendments fail to comply with Fed. R. Civ. P. 8(a)(2).

pages of the service copies are either blank or illegible. Therefore, the court strikes Plaintiff's correspondence [Dkt. # 14] and finds that Plaintiff has yet to comply with the court's September 25, 2008 Opinion and Order. Plaintiff indicates in one of his affidavits that he failed to retain a copy of the original complaint filed with the court. The court, therefore, directs the Clerk of Court to provide Plaintiff with a copy of the original complaint [Dkt. # 1] and to return Plaintiff's purported service copies to him. The court also directs Plaintiff to file thirteen copies of the original complaint within thirty days from the date of this Order.

Accordingly, IT IS ORDERED that Plaintiff's motion to amend [Dkt. # 10] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's correspondence filed with the court on November 7, 2008, [Dkt. # 14] is STRICKEN.

The Clerk of Court is DIRECTED to mail Plaintiff a copy of his original complaint [Dkt. # 1] and to return to him the purported service copies of the complaint. Plaintiff is ORDERED to file thirteen copies of the original complaint for service within **thirty days** from the date of this Order.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: November 21, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 21, 2008, by electronic and/or ordinary mail.

                                                s/Lisa G. Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\08-13817.DANIEL.deny amend reject copies.mbc.ljd.wpd

4