**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALLEN DANIEL,

            Plaintiff,

v.                                                    Case No. 2:08-CV-13817

BLAINE LAFLER, ET AL.,

            Defendants.
                                       /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND**

Plaintiff Allen Daniel has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, a state inmate currently incarcerated at the Baraga Maximum Correctional Facility in Baraga, Michigan, is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Now before the court is Plaintiff's "Motion to Amend and Alter Judgment to Dismiss Docket # 8, and Order Docket # 10 be Dismissed without Prejudice, and[/]or Held in Abeyance," filed December 4, 2008. For the reasons stated below, the court will deny Plaintiff's motion.

**I. BACKGROUND**

In his complaint, Plaintiff alleges that he has been the victim of retaliation by various state officials and Michigan Department of Corrections' employees. Plaintiff claims that the retaliatory acts are motivated by several lawsuits he has filed against Governor Jennifer Granholm, Attorney General Mike Cox, Macomb and Wayne County Prosecutors, and court officers. Plaintiff claims that he was verbally threatened, deprived of food for forty-four days, served food contaminated by chemicals, doused in

chemicals thrown on him by other inmates at the urging of corrections officers, deprived of his legal documents, and issued false misconduct tickets.

On September 25, 2008, this court issued an order of partial dismissal of Defendants in Plaintiff's case. The September 25, 2008 order further required that Plaintiff serve the remaining thirteen Defendants with copies of his complaint. On November 21, 2008, this court issued another order in Plaintiff's case, denying Plaintiff's motion to amend his complaint and striking Plaintiff's improper correspondence with the court.

Now Plaintiff requests the court to "alter or amend dockets # 8 [September 25, 2008 order], # 10 [Plaintiff's Motion to Amend Complaint], and # 14 [Plaintiff's "Affidavit"] to be dismissed without prejudice in the order issued on 11/21/08."[1] (Pl.'s Mot. at 2.) Because Plaintiff seeks to change the outcome of the court's September 25, 2008 and November 21, 2008 orders, the court construes Plaintiff's instant motion as a motion for reconsideration.[2]

---

[1] Plaintiff also requests that the court expedite U.S. Marshal Service in his case. (Pl.'s Mot. at 2.) The court notes that the U.S. Marshal acknowledged receipt of Plaintiff's service of process documents on December 12, 2008 [Dkt. # 19], and that the U.S. Marshal will effect service of process in due course.

[2] Plaintiff also requests "full *Brady* and *Franks* Hearing." (Pl.'s Mot. at 5.) A court conducts these hearings, however, at criminal proceedings to determine whether the prosecutor possesses any *Brady* material, *Storer Communications, Inc., et al. v. Presser*, 828 F.2d 330, 338 (6th Cir. 1987), and to determine whether an affiant to a search warrant made statements in support of probable cause intentionally untruthfully or with the a reckless disregard for the truth, *Franks v. Delaware*, 438 U.S. 154, 155 (1978). Neither is applicable in Plaintiff's case.

## II.  DISCUSSION

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).

Plaintiff, however, fails to satisfy this standard.  Plaintiff merely requests the stated relief and asks the court to alter its previous opinions.  He makes no attempt to argue that a "palpable defect" has "misled" the court.  E.D. Mich. LR 7.1(g)(3).  Neither does he demonstrate why the corrections he seeks would "result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  He only alleges that Defendants kept him from the correctional facility law library and removed legal documents from his person without explaining to the court how or why this should lead to a different disposition of the court's prior opinions.  (Pl.'s Mot. at 2.)  Therefore, the court will deny Plaintiff's motion because he has not shown a "palpable defect by which the court and the parties have been misled," the correcting of which would "result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's motion to amend, which the court has construed as a motion for reconsideration [Dkt. # 16], is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 9, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 9, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522