UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DANIEL, # 537193

       Plaintiff,

                               CASE NO. 2:08-cv-13817

  v.                            HON. ROBERT H. CLELAND

                               MAGISTRATE JUDGE PAUL J. KOMIVES

BLAINE LAFLER, *et al*,

       Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS

I.     RECOMMENDATION: The Court should grant Defendants' motion to revoke Plaintiff's *in forma pauperis* status.

II.    REPORT

A.    *Introduction*

       This case was referred to me for pretrial case management pursuant to 28 U.S.C. § 636(b)(1). Doc. Ent. 33.

       On September 5, 2008, Plaintiff brought this prisoner civil rights action under 42 U.S.C. § 1983 alleging that prison staff at St. Louis Correctional Facility retaliated against him for his prior lawsuits against prison staff. Doc. Ent. 1. Plaintiff is currently housed at Baraga Maximum Correctional Facility. On September 12, 2008, the Court granted Plaintiff *in forma pauperis* status. Doc. Ent. 7.

       On January 8, 2009, Defendants filed a motion to revoke Plaintiff's *in forma pauperis*

status under the "three strikes" rule of the Prison Litigation Reform Act. Doc. Ent. 21 (hereafter "Def.'s Mot."). Defendants argued that because Plaintiff has filed at least three lawsuits that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, Plaintiff is barred from proceeding *in forma pauperis*.

On January 20, 2009, Plaintiff filed a response to Defendants' motion in which he did not contest that at least three of his prior lawsuits were dismissed as "strikes" under the PLRA, but argued that he should be excused from the "three strikes" rule because he is in imminent danger of serious bodily harm. Doc. Ent. 37 (hereafter "Pl.'s Resp.").

On February 4, 2009, Plaintiff filed a supplemental response. Doc. Ent. 42 (hereafter "Pl.'s Supp. Resp."). On February 13, 2009, Defendants filed a reply to Plaintiff's response. Doc. Ent. 43 (hereafter "Def.'s Reply").

On January 8, 2009, Defendants moved for an extension of time to respond to the initial complaint until the Court addresses Defendants' motion to revoke Plaintiff's *in forma pauperis* status. Doc. Ent. 44. Plaintiff responded to this motion on February 23, 2009. Doc. Ent. 45. This court granted Defendants' motion for an extension of time on March 23, 2009. Doc. Ent. 48.

On April 6, 2009, Defendants filed a supplemental brief in support of their motion to revoke Plaintiff's *in forma pauperis* status. Doc. Ent. 50 (hereafter "Def.'s Supp. Br."). Defendants argue that the allegations in Plaintiff's complaint do not warrant application of the imminent danger exception.

B.    *Discussion*

The 1996 Prison Litigation Reform Act ("PLRA"), enacted in 1996, limits a prisoner's ability to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915. The *in forma pauperis* privilege

2

allows indigent litigants to disregard and delay filing fees and court costs, but the indigent litigant may forfeit the privilege by abusing it. *Id.* The PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners - many of which are meritless - and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). The PLRA includes a number of provisions that impose economic disincentives on prison litigants, encouraging them to "stop and think" before filing a complaint; among these provisions is the requirement that litigants proceeding *in forma pauperis* make partial fee payments over time. *Id.* The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

Also among the "stop and think" provisions of the PLRA is a provision preventing a prisoner from proceeding *in forma pauperis* where the prisoner repeatedly files meritless lawsuits. This provision is known as the "three strikes" rule.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [under the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule of the PLRA against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-6 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-6 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-2 (5th Cir. 1997).

The only exception is for a prisoner who is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Sixth Circuit explained the "imminent danger" exception in *Rittner v. Kinder*, 290 F. App'x 796, 797-8 (6th Cir. 2008) (finding that plaintiff-appellant's allegations either do not constitute threats of physical injury, are described with insufficient facts and detail, or are irrational or wholly incredible).

> While the Sixth Circuit has not defined the term "imminent danger" for purposes of this section, other Circuits have held that to meet the requirement, the threat or prison condition "must be real and proximate" and the danger of serious physical injury must exist at the time the complaint is filed. *See*, *e.g.*, *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc). Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception. *Id*. Other Circuits also have held that district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are " 'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).' " *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

*Id*.

Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, a court may still find that a pro se litigant's pleadings are defective where they are conclusory, irrational, and fail to accompany allegations with sufficient facts and detail. *See Echols v. Voisine*, 506 F.Supp. 15, 18 (E.D. Mich.1981), quoting *Shakespeare v. Wilson*, 40 F.R.D. 500, 503 (S.D. Cal. 1966) (pro se litigant's "whole pleading is a mixture of conclusions of law, evidentiary statements, irrelevant pejoratives, conjecture and random remarks which defy rational understanding and comprehension").

For the reasons set forth below, I conclude that (1) Plaintiff has filed more than three lawsuits that were dismissed on the grounds that they were frivolous, malicious, or failed to state

a claim upon which relief may be granted; and (2) the allegations in Plaintiff's complaint do not warrant application of the imminent danger exception in 28 U.S.C. § 1915(g).

    1.    *Plaintiff has filed more than three lawsuits that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.*

Plaintiff has a lengthy history of unsubstantiated and vexatious litigation in the federal courts. At least five of Plaintiff's numerous prior lawsuits have been dismissed as frivolous or for failure to state a claim. *See Daniel v. Paionte, et al*., 2:08-cv-13999 (E.D. Mich. Oct. 7, 2008); *Daniel v. Hofbauer, et al*., 2:08-cv-118 (W.D. Mich. Sept. 26, 2008); *Daniel v. Hackel, et al*., 2:08-cv-14000 (E.D. Mich. Sept. 25, 2008); *Daniel v. Granholm*, 2:08-cv-10999 (E.D. Mich. Apr. 11, 2008); *Daniel v. Caruso, et al*., 2:08-cv-11000 (E.D. Mich. Apr. 10, 2008).

Plaintiff has had his *in forma pauperis* status revoked in at least three other cases as a result of having "three strikes." *Daniel v. Bell, et al,* 1:08-cv-829 (W.D. Mich. Jan. 8, 2009); *Daniel v. MDOC, et al,* 2:08-cv-160 (W.D. Mich. Oct. 22, 2008); *Daniel v. McQuiggin*, 2:08-cv-244 (W.D. Mich. Dec, 15, 2008).

Because Plaintiff has accumulated more than three "strikes," he is subject to revocation of his *in forma pauperis* status under the PLRA.

    2.    *The allegations in Plaintiff's complaint do not warrant application of the imminent danger exception.*

Plaintiff alleges that he is in imminent danger of serious harm. *See, e.g.,* Doc. Ent. 45 at 2 ( "My life is in imminate (sic) danger"); *Id.* at 4 ("[M]y life is in danger ... the imminate (sic) danger is real"). In particular, Plaintiff alleges a number of grave abuses by prison staff that portend serious injury. For example, the following sentence appears in Plaintiff's response to this motion.

5

> Finally, trying to (1) murder prose Plaintiff, hang him in a "stage suicide" failure, (2) placing razor blades, staples, highly toxic chemicals in my prison food, (3) dousing me with the chemicals on my person, disfigured for life, (4) not feeding prose Plaintiff for over (44) days, (5) falsifying major prison misconduct tickets, (6) stealing and destroy prose's legal on direct review repeatedly as of 1/15/2009 impeded access to the courts, and (7) taping black apes, monkeys, coones to Plaintiff's cell prison door repeatedly and burning the face of the K.K.K. on a shower towel, and (8) closeing my spinal cord in the cell door laughing aloud over the prison inter com system is "intent crimes" (sic).

Pl's Resp. at 7-8. Plaintiff also alleges that his access to the courts is being impeded in numerous ways. *See*, *e.g.*, id. at 8.

The Court should not take lightly a prisoner's claim that he faces imminent danger of serious bodily harm from prison staff. A prisoner is entitled to protection from abuse such as Plaintiff alleges by the Constitution. However, for the reasons set forth below, Plaintiff's allegations do not warrant application of the exception in 28 U.S.C. § 1915(g).

First, it appears that any danger is not imminent. Plaintiff is describing abuse that allegedly occurred some two and a half years before the complaint in this case was filed, and while Plaintiff was detained at a different facility then the one at which he is currently housed.[1] These allegations concern abuse at St. Louis Correctional Facility, while Plaintiff is currently housed at Baraga Maximum Correctional Facility. A signed statement from fellow inmate Michael A. Latiker, submitted by Plaintiff in his response to this motion, confirms that the allegations concern St. Louis Correctional Facility and not Baraga. *See* Pl's Resp., Ex. Z. To avoid the application of 28 U.S.C. § 1915(g), a prisoner must establish that at the time of filing his complaint, he was in imminent danger of serious physical injury. *See Rittner*, 290 F. App'x at

---

[1] Indeed, Plaintiff's current allegations duplicate allegations Plaintiff made in a complaint in an action before this Court that was dismissed as frivolous and for failure to state a claim in April of last year. *See* Order of Dismissal at 1-3, *Daniel v. Caruso, et al.*, 2:08-cv-11000 (E.D. Mich. Apr. 10, 2008).

797-8 (plaintiff-appellant's allegations of prior abuse do not warrant exception); *Abdul-Akbar*, 239 F.3d at 311. Plaintiff has not alleged danger that is imminent, so the application of the exception is not warranted.

Second, even if Plaintiff's allegations could establish that he is in imminent danger, Plaintiff has not alleged facts with sufficient particularity regarding those allegations. *See Rittner*, 290 F. App'x at 797-8 (imminent danger exception not available where threatened harm "described with insufficient facts and detail"). Even though Plaintiff is entitled to a liberal construction of his pleadings in light of the fact that he is proceeding pro se, he must still meet certain minimum standards. *See Echols v. Voisine*, 506 F.Supp. at 18. Plaintiff's pleadings on the question of the imminent danger exception, while prolix, are not inclusive of any particulars regarding the abuses he describes; few names, dates, places, injuries, or descriptions of circumstances accompany his many allegations. Because Plaintiff has not alleged sufficient facts and detail, the application of the exception under 28 U.S.C. § 1915(g) is not warranted.

Third, Plaintiff's allegations of imminent danger only surfaced in this case four and a half months after the initial complaint was filed, or after it became clear that Plaintiff would lose his *in forma pauperis* status unless he satisfied the exception in 28 U.S.C. § 1915(g). Given the gravity and importance of the allegation that serious bodily harm is imminent, one would have expected to find such an allegation prominently in the initial complaint and not in a response to a motion to revoke Plaintiff's *in forma pauperis* status. In other words, the circumstances in which Plaintiff's allegations of imminent serious harm arose renders them "wholly incredible." *See Rittner*, 290 F. App'x at 797-8.

Finally, although the allegations of imminent harm are facially serious, these allegations must be considered in light of Plaintiff's history of vexatious and unsubstantiated litigation.

7

Plaintiff has, by establishing a reputation for duplicity in the federal courts, diminished the faith the Court can place in his allegations, however serious. *See Johnson v. Edlow*, 37 F.Supp.2d 775, 776 (E.D. Va. 1999) (determining whether action is malicious, court "must look not only to the complaint before it, but also the plaintiff's prior litigious conduct"); *see also* Aesop, *The Shepherd's Boy and Wolf, in* THREE HUNDRED AESOP'S FABLES 38, 38 (George Fyler Townsend trans., Routledge 1871) ("There is no believing a liar, even when he speaks the truth").

Accordingly, this Court should conclude Plaintiff's allegations do not warrant application of the exception in 28 U.S.C. § 1915(g).

C.     *Conclusion*

Because Plaintiff has filed more than three lawsuits that are considered "strikes" within the meaning of 28 U.S.C. § 1915(g), and the allegations in Plaintiff's complaint do not warrant application of the imminent danger exception, the PLRA prohibits Plaintiff from proceeding *in forma pauperis* in this action. Accordingly, I recommend that Plaintiff be given thirty days to pay the entire civil action filing fee, which is $350.00. If Plaintiff fails to pay the filing fee within the thirty-day period, his case should be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.[2] *See In re Alea*, 286 F.3d 380-1 (6th Cir. 2002).

III.     <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

---

[2]Given Plaintiff's history of vexatious and burdensome litigation, and in particular his abuse of the *in forma pauperis* privilege, the Court may conclude that sanctions are appropriate. Sanctions may include dismissal without prejudice, an injunction prohibiting Plaintiff from seeking *in forma pauperis* status in the United States District Court for the Eastern District of Michigan without prior leave of the Court, and an order certifying that any appeal taken by Plaintiff would not be done in good faith. *See Demos v. United States*, 2:08-cv-13965, 2008 US Dist LEXIS 72728, at *7-8 (E.D. Mich. Sept. 24, 2008).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2009

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record  by electronic means or U.S. Mail to Allen Daniel at Baraga Correctional on June 9, 2009.
>
> s/Eddrey Butts