**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

ALLEN DAVID DANIEL,

Plaintiff,

v. Case No. 08-13817

BLAINE LAFLER, et al.,

Defendants.
_______________________________________/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO REVOKE IFP STATUS, AND ORDERING PLAINTIFF TO PAY THE FILING FEE**

On June 9, 2009 Magistrate Judge Paul J. Komives issued a Report and Recommendation ("R&R"), in which he recommended granting Defendants' motion to revoke Plaintiff's *in forma pauperis* ("IFP") status. On June 22, 2009, Plaintiff filed his objections to the R&R. Having reviewed the filings, the court will reject Plaintiff's objections, adopt the R&R, grant Defendants' motion to revoke Plaintiff's IFP status, and order Plaintiff to pay the filing fee.

## I. BACKGROUND

Plaintiff Allen Daniel is currently an inmate at Baraga Maximum correctional Facility in Baraga, Michigan. On August 28, 2008,[1] Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 against various prison staff at the St. Louis Correctional

---

[1] The filing date of a prisoner's complaint is determined by the date the prisoner deposited it into the prison mail system, rather than the date it is entered by the court. *See Scott v. Evans*, 116 F. App'x 699, 700 (6th Cir. 2004).

Facility. (Compl. at 2.) Plaintiff alleges that prison staff retaliated against him for prior lawsuits he had filed against them.

On September 12, 2008, Plaintiff was granted IFP status by this court. [Dkt. # 7.] Defendants filed a motion to revoke Plaintiff's IFP status on January 8, 2009. [Dkt. # 21.] In their motion, Defendants allege that the court should revoke Plaintiff's IFP status because "Plaintiff filed three cases before the instant lawsuit that were dismissed as frivolous or for failure to state a claim" upon which relief can be granted. (Defs.' Mot. Br. at 4.)

In the R&R, the magistrate judge recommends granting Defendants' motion to revoke Plaintiff's IFP status on the grounds that (1) "Plaintiff has filed more than three lawsuits that are considered 'strikes' within the meaning of 28 U.S.C. § 1915(g)," and (2) "the allegations in Plaintiff's complaint do not warrant application of the imminent danger exception." (6/9/09 R&R at 8.) The magistrate judge further recommends ordering Plaintiff to pay the full amount of the filing fee within thirty days, and if he fails to do so, to dismiss Plaintiff's case without prejudice. (*Id.*)

For the reasons stated below, the court agrees with the R&R and will overrule the Plaintiff's objections. The court will grant Defendants' motion to revoke Plaintiff's IFP status, and order Plaintiff to pay the full amount of the filing fee within thirty days or his case will be dismissed without prejudice.

## II. STANDARD

The filing of timely objections to a magistrate judge's R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United*

*States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## III. OBJECTIONS

In the R&R, Magistrate Judge Komives recommends that the court (1) grant Defendants' motion to revoke IFP, (2) order Plaintiff to pay the full amount of the filing fee, and (3) dismiss Plaintiff's complaint without prejudice if he fails to pay the full amount of the filing fee.

Plaintiff makes three objections to the magistrate judge's R&R.[2] Plaintiff argues that the court should reject the R&R because (1) the magistrate judge removed Plaintiff's § 1983 claim from consideration by a jury; (2) that Plaintiff is in fact in "real" imminent danger; and (3) the R&R relies on fraud and other false statements. After making a *de novo* review of each objection and its underlying facts, the court will reject Plaintiff's objections and adopt the magistrate judge's report.

### A. Objection # 1

[2] Plaintiff did not adhere to the required format for submitting objections, and the court has placed Plaintiff's objections into three categories on the basis of its own review of Plaintiff's filing.

First, Plaintiff alleges that the magistrate judge "has taken over the rule [sic] of a jury" in his adjudication of Plaintiff's § 1983 claim under the provisions of the PLRA. (Pl.'s Obj. at 4.) Construing Plaintiff's objection generously, *see Hahn v. Star Bank*, 190 F.3d at 715 (citing *Haines*, 404 U.S. at 520-21), it appears that Plaintiff is objecting to the magistrate judge's recommendation to grant Defendants' motion to revoke Plaintiff's IFP status such that Plaintiff will not be permitted to proceed with his claim without prepayment of the filing fee.

Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996 as a means of precluding the use of *in forma pauperis* status by indigent prisoners who file multiple lawsuits that are "frivolous, malicious, or fail to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). IFP status is a privilege that is subject to limitations and can be revoked if misused. Accordingly, prisoners who file multiple frivolous, malicious, of legally insufficient claims are subject to 28 U.S.C. § 1915(g), which is known as the "three strikes" rule. It states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The plain language of the statute requires that the three dismissal have occurred prior to the prisoner's filing of a new action. *Id.* In the R&R, the magistrate judge cites to five cases that the magistrate judge says were dismissed previously for failure to state a claim, in addition to several later-filed cases in which Plaintiff was denied IFP status under the "three strikes" rule. (6/9/09 R&R at 5.) These

cases include *Daniel v. Paionte*, No. 08-13999, 2008 WL 4539378 (E.D. Mich. Oct. 7, 2008), *Daniel v. Hofbauer*, No. 08-118 (W.D. Mich. Sept. 26, 2008), *Daniel v. Hackel*, No. 08-14000, 2008 WL 4388199 (E.D. Mich. Sept. 25, 2008), *Daniel v. Granholm*, No. 08-10999, 2008 WL 1741633 (E.D. Mich. Apr. 11, 2008), and *Daniel v. Caruso*, No. 08-11000, 2008 WL 1456609 (E.D. Mich. Apr. 10, 2008). Three of the cases the magistrate judge cites, however, were not dismissed until after Plaintiff filed the instant lawsuit on August 28, 2008. Under the requirements of the statute, the court cannot apply dismissals of cases for purposes of the "three strikes" rule when the § 1915 dismissals occurred following the filing of the lawsuit at issue. *See* 28 U.S.C. § 1915(g). Nonetheless, the court finds that Plaintiff has been dismissed in at least three lawsuits because they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). In addition to the two cases that satisfy the rule cited by the magistrate judge,[3] the court also finds that Plaintiff was dismissed from *Daniel v. Granholm*, No. 08-10863, 2008 WL 2478323 (E.D. Mich. Jun. 16, 2008), under 28 U.S.C. § 1915 for failure to state a claim for a § 1983 action.[4] *Id.* at *1-2. Therefore,

[3] *Daniel v. Granholm*, No. 08-10999, 2008 WL 1741633 (E.D. Mich. Apr. 11, 2008), and *Daniel v. Caruso*, No. 08-11000, 2008 WL 1456609 (E.D. Mich. Apr. 10, 2008).

[4] The Honorable Victoria A. Roberts dismissed Plaintiff's complaint because, while he had filed his lawsuit for violation of 42 U.S.C. § 1983 under the provisions of § 1915, the relief he sought was more properly brought as a petition for habeas relief. *Daniel v. Granholm*, No. 08-10863, 2008 WL 2478323, at *1-2 (E.D. Mich. Jun. 16, 2008). Plaintiff had also failed to sue the proper respondents. *Id.* at *2. While dismissals of petitions for writ habeas corpus are not counted for purposes of the "three strikes" rule, *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997), this case itself fits squarely within the statutory requirements for a "strike": Plaintiff's complaint was dismissed because it did not "state a cognizable claim," *Daniel v. Granholm*, No. 08-10863, 2008 WL 2478323, at *2 (E.D. Mich. Jun. 16, 2008).

Plaintiff has incurred "three strikes" for purposes of § 1915 such that Plaintiff cannot proceed without prepayment of the court's filing fee. Plaintiff does not identify an error in the magistrate judge's consideration of this determination; nor does he even offer a legally cognizable argument for his disagreement with the magistrate judge's determination. Therefore, the court will overrule Plaintiff's objection.

**B. Objection # 2**

Plaintiff next argues that the court should reject the R&R because he is in "real" imminent danger such that the court should not apply the "three strikes" rule to his case. (Pl.'s Obj. at 3.) Specifically, Plaintiff avers that "prison officials placed 3/4" staples and objects in my food and other foreign objects." (*Id.*) Plaintiff also made a similar allegation in his response to Defendants' pending motion.

Section 1915(g) bars a prisoner from proceeding IFP if the prisoner has previously had three cases dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Known as the "three strikes" rule, this provision aids in the PLRA's "dual purpose of discouraging frivolous litigation while ensuring the meritorious claims are litigated." *Hadix v. Johnson*, 398 F.3d 863, 866 (6th Cir. 2005). However, the statute also creates an exception for prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the R&R, the magistrate judge found that the instances Plaintiff provided to support a claim of imminent danger allegedly occurred over two and a half years ago at a correctional facility different than the one in which Plaintiff is now housed. (6/9/09 R&R at 6.) The magistrate judge also found that Plaintiff's allegation lacked specificity. Plaintiff asserts the insertion of sharp objects into his food with no further factual support

or allegation of who is doing this, when, how he discovered the sharp objects, or any other facts surrounding such instances. Finally, the magistrate judge found the timing and convenience of Plaintiff's allegations regarding "imminent danger of serious physical injury" to be wholly incredible.

In his "Objections," Plaintiff has merely presented for the court's review an allegation already raised and specifically addressed by the magistrate judge. Plaintiff does not point to any specific error in the magistrate judge's R&R with respect to findings regarding imminent danger. The court agrees with the magistrate judge's determination on this issue. To the extent that Plaintiff alleges imminent danger based on events in a different correctional facility than the one in which he is now housed, and which occurred more than two years ago, Plaintiff has not alleged imminent danger because he is now no longer present where he can be harmed and there is no immediate threat. *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) ("[A] prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception.") (citations omitted).

As for the allegation that Plaintiff is in "imminent danger" in his present facility, Plaintiff is required to provide "specific factual allegations" in order to satisfy the requirement of "imminent danger of serious physical injury." *Shephard v. Clinton*, 27 F. App'x 524, 252 (6th Cir. 2001). Plaintiff, however, provides few, if any, supporting factual allegations. Nor does he describe any of the details surrounding the events he alleges. Neither has Plaintiff alleged that he was in "imminent danger" when he filed his complaint, as required by the Sixth Circuit. *See Smith v. Sapp*, 46 F. App'x 341, 342 (6th Cir. 2002) (mandating that a plaintiff must establish that he was in "imminent

danger of serious physical injury" in order to satisfy the exception and proceed with his case). A plaintiff must also "describe the relationship between the alleged danger and the claims contained in the underlying complaint" in order to be permitted to proceed under the exception. *Shephard*, 27 F. App'x at 252. Plaintiff has made no statement regarding how the "imminent danger" he alleges relates to the claims in his complaint. *See id.* Finally, Plaintiff's most recent assertion of "imminent danger" only surfaced following the magistrate judge's report finding Plaintiff's previous allegations of "imminent danger" insufficient to satisfy the statute. Plaintiff's timing, lack of specific allegations, and the unrelatedness of Plaintiff's allegations to his underlying complaint do not satisfy the "imminent danger of serious bodily injury" to the "three strikes" rule. The court will therefore overrule Plaintiff's objection as to "imminent danger of serious physical injury."

**C. Objection # 3**

Finally, Plaintiff asserts that the R&R is "misdirected, and misrepresented to fraud by the state attorneys illegal, unlawful, unconstitutional conflict-of-interest." (Pl.'s Obj. at 3.) Plaintiff further avers that "[i]n other words the Report is relying on fraud, false statements, mail fraud, . . . obstruction of justice, contempt by 'state attorneys and prison official yet again.'" (*Id.*)

However, Plaintiff offers no substantiation for these claims. He offers no facts to support his allegations; he attaches no documents in support of his allegations; and he provides no legal authority in support of his claims. In short, Plaintiff's contentions amount to mere assertions of fraud and other similar behavior, but, without more, the

court cannot sustain such an empty objection. Accordingly, the court will overrule Plaintiff's objection.

## V. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's Objections [Dkt. # 67] are OVERRULED, and the Magistrate Judge's Report and Recommendation [Dkt. # 64] is ADOPTED AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED Defendants' motion to revoke IFP status [Dkt. # 21] is GRANTED, and Plaintiff is **ORDERED** to pay the filing fee of $350.00 on or before **August 26, 2009**. The deadline date will not be extended. If the filing fee is not paid in full, Plaintiff's complaint will be dismissed without prejudice.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 28, 2009, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522