**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALLEN DAVID DANIEL,

      Plaintiff,

v.                                          Case No. 08-13817

BLAINE LAFLER, et al.,

      Defendants.
                                                  /

**OPINION AND ORDER (1) CONSTRUING PLAINTIFF'S "OBJECTION TO OPINION AND ORDER" AS A MOTION FOR RECONSIDERATION AND DENYING SAME (2) DISMISSING PLAINTIFF'S COMPLAINT, (3) TERMINATING AS MOOT PLAINTIFF'S PENDING MOTIONS [Dkt. ## 70, 71], AND (4) DENYING PLAINTIFF'S "OBJECTION" [Dkt. 75]**

On July 28, 2009, this court issued an opinion and order requiring Plaintiff Allen Daniel to pay the court's $350.00 filing fee on or before August 26, 2009, or his case would be dismissed. On August 18, 2009, Plaintiff filed objections to this court's opinion and order, which the court will construe as a motion for reconsideration and will deny. On August 18, 2009, Plaintiff filed an "Objection" to the magistrate judge's July 30, 2009 order. Because the deadline for Plaintiff to pay his filing fee has now passed, and Plaintiff has not paid the fee, the court will also dismiss Plaintiff's case without prejudice, terminate as moot his pending motions, and deny his "Objection" to the magistrate judge's July 30, 2009 order.

## I. BACKGROUND

Plaintiff Allen Daniel is currently an inmate at Baraga Maximum correctional Facility in Baraga, Michigan. On August 28, 2008,[1] Plaintiff filed a civil rights action pursuant to 42 U.S.C. § 1983 against various prison staff at the St. Louis Correctional Facility. (Compl. at 2.) Plaintiff alleges that prison staff retaliated against him for prior lawsuits he had filed against them.

On September 12, 2008, Plaintiff was granted IFP status by this court. [Dkt. # 7.] Defendants filed a motion to revoke Plaintiff's IFP status on January 8, 2009. [Dkt. # 21.] On June 9, 2009, Magistrate Judge Paul J. Komives issued a Report and Recommendation ("R&R"), in which he recommended granting Defendants' motion to revoke Plaintiff's *in forma pauperis* ("IFP") status, which this court adopted and incorporated by reference in its July 28, 2009 opinion and order.

Plaintiff is a prolific filer in this court, and has had three cases, filed prior to the instant case, dismissed because they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). These cases include: *Daniel v. Granholm*, No. 08-10863, 2008 WL 2478323 (E.D. Mich. Jun. 16, 2008); *Daniel v. Granholm*, No. 08-10999, 2008 WL 1741633 (E.D. Mich. Apr. 11, 2008); and *Daniel v. Caruso*, No. 08-11000, 2008 WL 1456609 (E.D. Mich. Apr. 10, 2008).

## II. STANDARD

Motions for reconsideration are properly heard under Federal Rule of Civil Procedure 59(e). A district court maintains discretion when deciding a motion to amend

---

[1] The filing date of a prisoner's complaint is determinated by the date the prisoner deposited it into the prison mail system, rather than the date it is entered by the court. *See Scott v. Evans*, 116 F. App'x 699, 700 (6th Cir. 2004).

a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Additionally, Eastern District of Michigan Local Rule 7.1(g) provides that, "without restricting the court's discretion," a motion for reconsideration will not be granted unless the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## III. DISCUSSION

### A. Motion for Reconsideration

Plaintiff filed his "Objection to Opinion and Order" in response to this court's July 28, 2009 order. In his "Objection," Plaintiff attempts to reargue the objections he filed in response to the magistrate judge's R&R, and which this court considered before issuing its July 28, 2009 order. Therefore, the court will construe Plaintiff's "Objection" as a motion for reconsideration.

In his "Objection," Plaintiff restates his legal claims, provides a list of supporting exhibits, and cites legal authority regarding standing. Plaintiff also alleges that he is in imminent danger of serious bodily harm such that the court should not apply the "three strikes" rule to his case. However, the court considered Plaintiff's allegations in its July 28, 2009 opinion and order, and Plaintiff has not presented a "palpable defect," the correction of which "will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). Plaintiff simply reargues issues already rule upon by the court, and this is insufficient to prevail on upon a motion for reconsideration. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F. Supp. 951, 952 (E.D. Mich. 1997). The court will therefore deny Plaintiff's "Objection."

### B.  Failure to Pay the Filing Fee

Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996 as a means of precluding the use of *in forma pauperis* ("IFP") status by indigent prisoners who file multiple lawsuits that are "frivolous, malicious, or fail to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). IFP status is a privilege that is subject to limitations and can be revoked if misused. Accordingly, prisoners who file multiple frivolous, malicious, of legally insufficient claims are subject to 28 U.S.C. § 1915(g), which is known as the "three strikes" rule. It states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g) bars a prisoner from proceeding IFP if the prisoner has previously had three cases dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).  Known as the "three strikes" rule, this provision aids in the PLRA's "dual purpose of discouraging frivolous litigation while ensuring the meritorious claims are litigated." *Hadix v. Johnson*, 398 F.3d 863, 866 (6th Cir. 2005).  The plain language of the statute requires that the three dismissal have occurred prior to the prisoner's filing of a new action.  *Id.*

This court found in its July 28, 2009 order that Plaintiff had three cases, prior to the time he filed the instant case, dismissed because they were "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).  These cases include:  *Daniel v. Granholm*, No. 08-10863, 2008 WL 2478323 (E.D. Mich. Jun. 16, 2008); *Daniel v. Granholm*, No. 08-10999, 2008 WL 1741633 (E.D. Mich. Apr. 11, 2008); and *Daniel v. Caruso*, No. 08-11000, 2008 WL 1456609 (E.D. Mich. Apr. 10, 2008).

As a result, the court revoked Plaintiff's IFP privileges and ordered him to pay the court's $350.00 filing fee on or before August 26, 2009, or have his case dismissed.  Plaintiff has not paid the filing fee, and the time for doing so has passed.  Therefore, the court will dismiss Plaintiff's complaint without prejudice.

**C.  Pending Motions**

Plaintiff has two pending motions. Because the court will dismiss Plaintiff's complaint without prejudice, the court will terminate these motions as moot.

### D. Objections to Magistrate Judge's Order

On August 18, 2009, Plaintiff filed an "Objection" to the magistrate judge's July 30, 2009 order denying without prejudice Plaintiff's pending motions because the court revoked Plaintiff's IFP status. This court's reference to the magistrate judge vests the magistrate judge with the power to hear and determine non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A). Plaintiffs, however, retain a right to have the court reconsider the magistrate judge's determinations "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). In this case, the magistrate judge denied without prejudice Plaintiff's motions. In his "Objection," Plaintiff does not demonstrate how the magistrate judge's order granting an extension of time to Defendants "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Nor does the court find that the magistrate judge's order was "clearly erroneous or contrary to law." *Id.* The magistrate judge's order simply economizes the court's and the parties' resources. Therefore, the court will deny Plaintiff's "Objection."

### IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's "Objection to Opinion and Order" [Dkt. # 68] is CONSTRUED as a motion for reconsideration and is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE for failure to pay the filing fee as directed by the court's July 28, 2009 opinion and order.

IT IS ALSO ORDERED that Plaintiff's "Motion for Jury Demand" [Dkt. # 70] and "Motion to Add These Exhibits" [Dkt. # 71] are TERMINATED AS MOOT.

Finally, IT IS ORDERED that Plaintiff's "Objection" [Dkt. # 75] is DENIED.


      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: August 27, 2009


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 27, 2009, by electronic and/or ordinary mail.

      s/Lisa G. Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522